19-1961 from the District of Nebraska, United States v. Timothy Washington okay good morning counsel and Miss Schiffer-Miller you can begin when you're ready. Thank you your honors may it please the court counsel I am Joy Schiffer-Miller I'm court-appointed counsel for Mr. Timothy Washington in this case. This case comes before you as a First Step Act reduction of a sentence. Mr. Washington was convicted over 10 years before the sentencing proceedings in this case and had been convicted and sentenced for crack cocaine which due to the disparate treatment of individuals such as Mr. Washington Congress decided to change the law and make it so that Mr. Washington was entitled to a retroactive reduction of his sentence in this case and as a result of that the court system here in Nebraska and I think pretty much nationwide went through and did a recalculation of sentences. In Mr. Washington's case there was a worksheet First Step Act worksheet that was produced by the Probation Department and provided to the court and the parties which set out that Mr. Washington under those rules the current sentencing guidelines was entitled to a 98 month sentence reduction from 360 months to 262 months and that Mr. Washington had served that 262 months by September of 2016 and with respect to Mr. Washington he had been convicted of another crime after his imprisonment which also garnered him a 33 month sentence which was consecutive to this. Now the First Step Act worksheet that was done by probation was very thorough in this regard and it completely said that since Mr. Washington had been sentenced and had gotten this consecutive sentence he had served the 262 months by September of 2016 and so at the time of sentencing in March of 2019 he had already served not only the 262 months but in addition to that the 33 months of the consecutive sentence and that he was subject to immediate release. Is it your position that the that the district court's first order not the second one that whatever you want to clarify to change to whatever you want to call it that the first order is ambiguous or do you think that time served for both offenses is the only reasonable reading of that first order? I believe that the time served for both offenses is the only reasonable reading for that first order and the reason for that is the court in its first order specifically adopted the First Step Act worksheet which sets out that computation and so I you know when we received the courts first of all there's three orders in the court there was the first order where the judge said the parties stipulated to the sentencing reduction and that he was adopting our stipulation and Mr. Higgins rightly brought back before the court and said hey if you think I stipulated to this you know in our stipulation it specifically said that we agree the calculation is right but we're asking that you maintain Mr. Washington longer and I think the court would have had jurisdiction to do that but the second order of the court simply changed that language that said the parties stipulated and it said we still adopt the first step worksheet and so I when Mr. Washington and I received that document showing that the court had agreed that he was entitled to the time served and that when he adopts the first step act worksheet which specifically says time served in the 262 months that he would have served by September 16th or September 2016 and the additional 33 months would have all been served by March of 2019 you know obviously Mr. Washington is noticeably relieved and believes to himself to be entitled to that relief and and be released now no no appeal was taken from the court's second order in this case and then the court when Mr. Washington was not released I filed a motion to clarify and in the court's order he said it was a motion to reconsider it was not a motion to reconsider what I was saying in my motion to clarify was clearly that the court should enter an order that he had served his full time you know in because of the first out worksheet with being adopted he shouldn't have recognized and did recognize it's our contention that mr. Washington had already served all that time and should have been eligible for immediate release why don't we do that with that third order I mean that's that's one of the things I'm having trouble with because it it's almost like you know I know it's not a perfect analogy but it's almost like a mutual mistake and a plea agreement or something like that where the district court comes back and says well I know what I said but I also meant something else and and sort of clarifies for both parties because both parties apparently the government thought that the judge did what the judge eventually did in that third order you thought that the judge did something different in that in that second order so what do we do then with that third order where it is the last two arguments in my brief that by him going through and making a change to the previous order that he had already adopted he was without jurisdiction to make that change I submit that this that the US Attorney's Office was also not confused which is why the US Attorney's Office in the first instance said hey wait wait wait I did not stipulate to this much of a noticeable sigh of relief after the court said well I know you didn't stipulate but I'm still adopting the the First Step Act worksheet and I think the judge cannot go back and say you know on mature reflection I should have sentenced him to the time served in this case and this case only and should have rejected the First Step Act worksheet which also addresses the additional 33 months that he was given in the other case you know I there's no reading of the court's order or of that First Step Act worksheet that would adopt you know if the court did not intend to give him that little of time that still you know maybe maybe if they've changed their mind and said hey I think he deserves the extra 33 months on on on top of the 262 months that he would have I mean so he's already had an extra 33 months during this time so by that view he's just he should have made if that was his original intent and I submit to you your honors that it really wasn't his original intent he would have made that clear to the parties he would have made it clear to mr. Washington that hey I know you've already served 262 months and you've already served an additional 33 months and you could have been eligible for release under the First Step Act but I'm going to give you additional time on top of that he does say that that was his original intent and he thought that there was if he was what he basically says is if that he thought that there was a meeting of the minds between us all but I think I don't think that there's a fair read of that with with you adopting the First Step Act worksheet I mean if that was his worksheet that has the language in there that he had mr. Washington had already served the 262 months plus he had by September of 2016 and since it's now March of 2019 that he's eligible for release what do you do with that that adoption if if that was the court's original intent because I said it's not it's not really a mistake that he made it's he's adopted this sentencing the court adopted the worksheet as a matter of routine because no one objected to it isn't that a plausible explanation for what happened here and then I'm looking at footnote one of of the order that was issued on 29 April well and I suppose that that's true but I think maybe in addition to that he adopted it because no one objected and that was his original intent I see that I'm into my rebuttal time so I will see that there's reserved the rest of the time for all right thank you counsel mr. Higgins you're muted mr. Higgins good morning your honor good morning counsel may it please the court in this case the district court did obviously grant the defendants request for a retroactive sentence reduction under the first step act it just didn't grant as much of a reduction as the defendant wanted obviously the defendant wanted a reduction down to 262 months and if you look at the stipulation into which the parties entered the government didn't agree to a sentence of 262 months it didn't agree that the probation office's calculation was right the parties agreed that the defendant was eligible for a reduction down to 262 months but in point of fact the district court never ordered a reduction of 262 months instead what it consistently did in its three different orders was to pronounce the exact same extent of a reduction time served so in its original order and amended judgment dockets our document numbers 328 29 the bottom line was time served and that time served can apply only as to the case as to which the court had jurisdiction which was the crack case so it's just you really emphasize the 262 months and I agree but one thing that's conspicuously omitted maybe I'm wrong about this is he also doesn't reduce it to 295 months which is the equivalent of what would what what what the government is arguing happened here well sir I can provide what I think would be the explanation for that you know why the district court decided to do time served rather than 295 it's not didn't say from the record that question was never posed but I can tell you that as a practical matter if the judge simply orders time served as to the crack case then what the BOP is going to do is to say you get credit for the time and your time is served as of the date of the order and that's what the BOP did here if on the other hand the district court reduced it to say 295 months well with BOPs calculation you know then the time would maybe it would have finished you know a week before the date of the sentencing order or maybe two weeks after the sentencing order I don't know and I'm not an expert in making that calculation with the BOP but that to me is an explanation for why the district court would do what it did I would add to that let me ask you this I want to follow up to because one of the things I find curious and and opposing counsel made this argument is there was there was a stipulation that he was eligible right and so then then the defense's position is obviously he should be let out of jail immediately that's that's sort of the defense's position and the government's position comes back and says well we have stipulate to to to a reduction but we do not stipulate to the extent that that he wants and then the dispute between the parties simply says time served it doesn't address it and so I'm left wondering whether the better reading of this order quite frankly is the one that defense counsel is advancing well judge you're correct that the district court in its original order did not reflect that the defendants motion was unopposed and a slight correction judge the government agreed that the defendant was eligible we opposed a reduction on just of any amount but in the alternative opposed an alternative or the reduction to the extent of 262 months but be that as it may the district court I'll grant you didn't accurately reflect the government's opposition that's why I filed a motion to clarify and it's ordered non-proton and they think this would be my explanation came back exactly the same that is it simply took out the part about the motion being unopposed and came back with time served when I want to ask you is the government's position that the three orders together are ambiguous or is the position that it's time served as interpreted by the government is brief and there's no ambiguity here it's a our position is that the district court consistently and explicitly announced a sentence of time served if if there is I guess our position is there is no ambiguity with respect to what was the pronouncement of the sentence that the district court made the only discrepancy here is the legal interpretation of what is time served me well that's a legal question and the district court in its third order that was in response to the defendant's motion to clarify went into more detail and explained why it ordered the time served and what it was in what its intent was in doing so and it explained that so that the reduction would apply only to the drug offense so that the defendant would still have to consecutively serve the sentence for the felony assault that he committed while he was in federal prison I would counsel I'm trying to kind of follow your your I think I understand it but so let me ask just just for clarification the the first order docket 328 it talks about that the parties have stipulated to a sentence reduction to 262 months now the government says you didn't really stipulate to the 262 correct judge even more than that I didn't stipulate to a that as it may that's what the judge said in this order and then and then the then the court goes further and says having reviewed the record and considered the factors enumerated in 3553 a agrees that the party stipulated reduction is appropriate so apparently the court thought there was a stipulation between the parties to the 262 months and and then the judge says that reduction to 262 is appropriate now how do we what do we do with that well judge I think you continue on with the rest of that sentence or rather the rest of that order over in the paragraph because the defendant has already served at least 262 months this stipulated so-called reduction results in a sentence of time served not time served two and a half years ago that would be legal effective time served is the time served up until the date of this order judge I would also suggest answer so you saying that the what the judge what the court is saying is that I agree that the Senate should be reduced to 262 months and that reduction is appropriate but I'm not going to reduce the sentence to 262 I'm reduce it to some more lengthy term does that really make sense it does judge he sentences it with the time served because as he explains in his final response to the defendants request to clarify and it made explicit what its intent was and that was so that the defendant would have to begin serving his assault sentence after the crack sentence was completed and then when you add to add on to it I mean it becomes even more I guess ambiguous in my view when he adopts a sentencing worksheet and I understand what judge copas was asking opposing counsel which is he later clarifies it but it's clarified until the third order and so to me that we're over half the worksheet I mean clearly over half the worksheet is about the calculation and so if you're not gonna adopt over half the worksheet you think the district court would say so but maybe I'm wrong about that maybe have a response well judge I guess twofold one is that the sentencing worksheet itself recommends a time served I think it miscalculates what the the the legal effect of what a time served sentence is time served is the date time served up until the date of the order but I think if you also look at this retroactive sentencing worksheet the far left column next to that section having to do with those calculations it's captioned greatest possible reduction so the only recommendation that's within the worksheet is for a sentence of time served it says so explicitly now it's going on to calculate but it underlines and maybe this maybe this is where maybe you're gonna argue the sentencing worksheet is ambiguous mr. Washington's new projected release date from the BOP is March 19th 2019 it seems pretty clear that that's based on the 262 months figure well judge and I think you're right that that is based on the probation office's calculation of 262 because if you look at the first line of that same paragraph as confirmed with the BOP with a sentence reduction of 262 months that is assuming that's what you do judge and the judge made clear in his in the third order look probation can order whatever excuse me retract that probation can recommend whatever it wants to you know at the end of the day the district court the article 3 judges the one who has the responsibility to decide what the sentence ultimately ought to be and that's what the district court made clear that it was doing is making that legal determination of what the sentence should be an exercise of its discretion the only other thing that I would know I don't think that's that's going to help the analysis to go into the additional point that I had in mind just a moment ago well let me get this one more question I'm gonna ask you one more question it sounds to me like this is at and if it is the ambiguous what's the outcome here does does he get 262 months and we read it in his favor or is there some argument for the government that the government still wins here their question judge thank you I think that the the line of cases that is most instructive I didn't include any of them in my brief unfortunately but they have to do with situations where unlike here there's an oral pronouncement of judgment and followed by a written pronouncement of judgment in that situation I would say that just gleaning from that case law that if all the pronouncements are consistent with one another that is the oral and the written and there's ambiguity then you can strew that in the defendant's favor if on the other hand they're inconsistent with one another the initial and the later then the case law is and the directive of to the Eighth Circuit is that it's put upon itself is that the obligation of the reviewing court is to look at the record as a whole if there's ambiguity and then to discern the sentencing judges intent if that's to do based on the record as a whole and implement that if it is not and with those provisos and conditions I just explained then I think the proper remedy would be to remand for the district court to clarify here I don't think there is ambiguity in the first instance respectfully I disagree because the pronouncements were clear as to the bottom line I take your point with respect to the things we've discussed if there is you conclude ambiguity it is not a consistent ambiguity and from the record as a whole in particular the district courts third order he makes crystal clear what his intent is that's I think the result the court ought to reach I have nothing further to add unless the court has questions hearing none thank you very much we ask that you Mr. Higgins, Ms. Schiffer-Miller you have four and a half minutes I I think that the parties have fairly spelled out what the issue is it is our contention that the judge's order when he says Mr. Washington is sentenced to time served and in addition to that he's adopting the work sentencing first step act sentencing worksheet that time served the only reasonable interpretation of that language is that that includes time served with the 33 months on top of the time served of the 262 months and I think that to go back and change his order and give an additional 33 months to Mr. Washington basically on top of that is not permissible under the Sadler case that's cited in our brief I mean it it resulted in a change of his sentence that had been previously given in this case and with that I would submit it unless you have other questions I think I think it's fairly well spelled out in the record okay thank you very much to both counsel for your arguments this morning and the case is submitted the court will render a decision in due course